Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Nicholas Anthony Blechar

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICHOLAS ANTHONY BLECHAR,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:26-cv-01106-MDC<br><br>STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE MAXIMILIANO D. COUVILLIER, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Nicholas Anthony

Blechar ("Blechar") be awarded attorney fees in the amount of six thousand one hundred and sixty four dollars ($6,164) and no expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. §§ 1920; 2412. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

Attorneys' fees awarded under the EAJA must be reasonable, but it is for the district court to determine what fee is reasonable. *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1363-1364 (9th Cir. 2024). In this matter the parties agree that Plaintiff is the prevailing party, that Plaintiff is eligible to receive an award of the requested fees and costs, that the decision of the ALJ was not substantially justified, and no special circumstances make an award unjust. The Court should also consider the results achieved. Remand was obtained through voluntary consent and agreement of the parties. Through Counsel for the parties efforts, litigation was avoided in this matter and the time expended was reasonable.

Therefore, Blechar is entitled to reasonable attorneys' fees based on the hours reasonably expended (attached hereto as Exhibit 2) multiplied by the prevailing rate as set by the Ninth Circuit Court of Appeals[1] and as compared to other EAJA awards at the district court level within the Ninth Circuit. *See Ortiz v. Comm'r of Soc. Sec.,* No. 2:21-cv-01563 KJM DMC, 2025 LX 334420 (E.D. Cal. Aug. 18, 2025) (granting EAJA fees of $11.036.00); *Costa v. Comm'r of SSA,* 690 F.3d 1132 *1133-37 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). The hours performed in Blechar's case total 25.3.

---

[1] See, Statutory Maximum Rates Under the Equal Access to Justice https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/

After the Court issues an order for EAJA fees to Blechar, the government will consider the matter of Blechar's assignment of EAJA fees to Marc Kalagian. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Blechar, but if the Department of the Treasury determines that Blechar does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Blechar.[2] Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (EFT) or by check.

This stipulation constitutes a compromise settlement of Blechar's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Blechar and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act

[2] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: October 21, 2026 Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [3]

BY:____________________
Marc V. Kalagian
Attorney for plaintiff
NICHOLAS ANTHONY BLECHAR

DATE: October 21, 2026 SIGAL CHATTAH
First Assistant United States Attorney

/s/ *David Priddy*

__________________________
DAVID PRIDDY
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social Security (Per e-mail authorization)

IT IS SO ORDERED:

__________________________
THE HONORABLE MAXIMILIANO D. COUVILLIER
UNITED STATES MAGISTRATE JUDGE

DATED: October 28, 2026

[3] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.